UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH STOYAS,                                    )
                                                  )
                              Plaintiff,          )     21 C 6190
                                                  )
               vs.                                )     Judge Gary Feinerman
                                                  )
BOARD OF TRUSTEES OF NORTHERN ILLINOIS            )
UNIVERSITY,                                       )
                                                  )
                              Defendant.          )

### MEMORANDUM OPINION AND ORDER

Joseph Stoyas, a former graduate student in the Speech-Language Pathology program at

Northern Illinois University ("NIU"), alleges that NIU discriminated against him in violation of

the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act, 29

U.S.C. § 701 *et seq.*, and state law.  Doc. 1.  Although NIU is in DeKalb County and thus in this

District's Western Division, *see* 28 U.S.C. § 93(a)(2), Stoyas filed this suit in the Eastern

Division.  The court ordered Stoyas to show cause why the suit should not be transferred under

28 U.S.C. § 1404(a) to the Western Division.  Doc. 5; *see In re Ryze Claims Sols., LLC*, 968 F.3d

701, 706 n.5 (7th Cir. 2020) ("It is well established that a district court has the authority to sua

sponte transfer a case under 28 U.S.C. § 1404.").  Having carefully considered Stoyas's

response, Doc. 6, the court transfers the suit to the Western Division.

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district *or division* where it

might have been brought … ."  28 U.S.C. § 1404(a) (emphasis added).  A case should not be

transferred unless transfer is clearly warranted.  *See Heller Fin., Inc. v. Midwhey Powder Co.*,

883 F.2d 1286, 1293 (7th Cir. 1989); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th

Cir. 1986). Transfer "is appropriate if: (1) venue is proper in both the transferor and transferee

court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the

interest of justice." *Law Bulletin Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017

(N.D. Ill. 1998); *see also Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*,

134 S. Ct. 568, 581 (2013) ("In the typical case … , a district court considering a § 1404(a)

motion … must evaluate both the convenience of the parties and various public-interest

considerations."); *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973,

978 (7th Cir. 2010) ("The statutory language … is broad enough to allow the court to take into

account all factors relevant to convenience and/or the interests of justice.").

Venue is proper in both divisions of this District. *See German Am. State Bank ex rel.*

*Estate of Cowan v. United States*, 2004 WL 1535846, at *1 (N.D. Ill. July 8, 2004) ("[B]ecause

the Northern District of Illinois has no local rule requiring divisional venue, plaintiff could have

filed her complaint in either the Eastern Division or the Western Division.") (citation and

alteration omitted). Accordingly, only the convenience and the interest of justice factors require

consideration. "The weighing of factors for and against transfer necessarily involves a large

degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial

judge." *Coffey*, 796 F.2d at 219.

The convenience factors include: "(1) the plaintiff's choice of forum; (2) the situs of

material events; (3) the relative ease of access to sources of proof; (4) the convenience of the

witnesses; and (5) the convenience [of] the parties." *Law Bulletin Publ'g Co.*, 992 F. Supp. at

1017.

As to the first factor, although a plaintiff's choice of forum generally deserves deference,

*see FDIC v. Citizens Bank & Trust Co. of Park Ridge*, 592 F.2d 364, 368 (7th Cir. 1979), little

deference is owed here because the events giving rise to this lawsuit—the manner in which various NIU faculty and administrators handled Stoyas's academic program and progress in light of his stutter, Doc. 1 at ¶¶ 6-32—did not occur in the Eastern Division. *See Dunn v. Soo Line R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994) ("[W]here the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, 'the plaintiff's preference has minimal value.'") (quoting *Robinson v. Town of Madison*, 752 F. Supp. 842, 847 (N.D. Ill. 1990)). For the same reason, the second factor, the situs of material events, favors transfer. The third factor is neutral, for "[w]hen documents are easily transferable, access to proof is a neutral factor." *Johnson v. United Airlines, Inc.*, 2013 WL 323404, at *5 (N.D. Ill. Jan. 25, 2013); *see also Sojka v. DirectBuy, Inc.*, 2014 WL 1089072, at *3 (N.D. Ill. Mar. 18, 2014) (collecting cases).

The fourth factor, the location and convenience of non-party witnesses, is essentially neutral. "[T]he § 1404 calculus is generally less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts because it is presumed that such witnesses will appear voluntarily." *Sojka*, 2014 WL 1089072, at *3 (internal quotation marks omitted). The only non-party fact witnesses who are not NIU employees appear to be "healthcare providers who treated [Stoyas] for emotional distress." Doc. 6 at 4. But those providers will testify largely, if not exclusively, to damages, and if they do not attend trial in the Western Division, presenting their testimony by video deposition would be an acceptable substitute. *See Household Fin. Servs., Inc. v. N. Trade Mortg. Corp.*, 1999 WL 782072, at *5 (N.D. Ill. Sept. 27, 1999) (holding that the presence of non-party witnesses was not significant because their depositions could be presented at trial). Moreover, although Stoyas references "several possible expert witnesses," *ibid.*, he does not say whether they are liability or damages

3

experts; in any event, "[t]he convenience of … a party's expert witnesses is not a factor in analyzing a § 1404(a) motion." *HealthRight Prods., LLC v. Coastal Counting & Indus. Scale Co.*, 2019 WL 247543, at *4 (N.D. Ill. Jan. 17, 2019).)

The fifth factor, the convenience of the parties, is neutral. "Transfer is inappropriate if it merely transforms an inconvenience for one party into an inconvenience for the other party." *Law Bulletin Publ'n*, 992 F. Supp at 1019. NIU is in DeKalb County, most of its employee witnesses presumably live in the vicinity, Doc. 6 at 3, and it is far easier to travel from DeKalb to Rockford and back than to downtown Chicago and back, particularly during rush hour. Stoyas asserts that he "lives in the Eastern Di[vision]," *ibid*., but he does not say *where* in the Eastern Division. Accordingly, even granting that Stoyas's financial resources are modest compared to NIU's, it is impossible to assess how much more inconvenient (if at all) it would be for him to attend trial in Rockford than in downtown Chicago.

The court next evaluates the interest of justice. "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation*, 626 F.3d at 978. The relevant factors include "docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Ibid*. (citations omitted).

The first two factors are neutral. Stoyas does not suggest that one division's docket is more congested than the other, and both divisions have equivalent familiarity with the relevant law. The third and fourth factors—the desirability of resolving controversies in each locale, and the relation of each community to the controversy—strongly favor transfer. Because the events

4

giving rise to this lawsuit took place in DeKalb County, Doc. 6 at 3, the Western Division's community has a greater stake in and relationship to the litigation.

In sum, one convenience factor weighs slightly against transfer, three are neutral, and one favors transfer. Of the interest of justice factors, two are neutral and two strongly favor transfer. While each factor favoring transfer might not have been sufficient, standing alone, to merit transfer, their combined weight does. Transfer to the Western Division is clearly warranted given the facts and circumstances of this case.

November 29, 2021

_____
United States District Judge